UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 651, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 19-105-DCR |
| V. | ) ) | |
| MICHAEL PHILBECK, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This Court previously granted a preliminary injunction, enjoining Defendant Michael Philbeck "from posting on the social media accounts he controls that are portrayed, publicized, or otherwise held out or could be perceived as official accounts or pages of the Union without identifying himself as the poster." [Record No. 14] Further, the Court specifically instructed Philbeck to "identify himself as the author of any post on any social media page perceived as an official page of the Union in bold print and all caps. Defendant must also state that he is not a current officer of the Union in any of his posts." [*Id.*] Finally, he was enjoined from holding himself out as a current officer of the Union. [*Id.*]

Plaintiff International Brotherhood of Teamsters Local 651 ("Local 651") filed a motion for an order to show cause and to modify the preliminary injunction asserting that Philbeck had not been identifying himself in bold print and all caps and he had not been stating that he is not a current officer of the Union. [Record No. 41] It also requested a finding of civil contempt. It appeared that Philbeck violated the preliminary injunction and the matter was set for a contempt hearing on October 16, 2019. Following presentation of evidence and

-1-

arguments by the parties, the Court concluded that Philbeck failed to comply with the preliminary injunction.

The Court has the power to impose sanctions against an individual who fails to comply with a court order under Federal Rule of Civil Procedure 70 and the Court's inherent powers. Civil contempt sanctions are "designed to enforce compliance with court orders and to compensate injured parties for losses sustained." *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994). "[T]he imposition of sanctions under a court's inherent powers [ ] requires a finding of bad faith or of conduct tantamount to bad faith." *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quotations and citations omitted) (alteration in original); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002).

To hold a litigant in contempt of court, the moving party must produce clear and convincing evidence to demonstrate that the non-moving party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (internal citations omitted). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id*. The Court must determine whether the defendant "took all reasonable steps within his power to comply with the court's order." *Id*.

Local 651 has produced clear and convincing evidence that Philbeck violated this Court's March 22, 2019 order on several occasions by failing to comply with Paragraphs 2 and 3 of the injunction. Philbeck did not show that he took all reasonable steps to comply with

the preliminary injunction. Further, he never attempted to return to Court to explain that he could not comply with the Court's order. Instead, he attempted to evade the order by failing to post that "he is not a current officer of the Union." Additionally, the defendant acted in bad faith by posting before the bond was filed and by making posts in August and September that attempted to impact current investigations and failing to provide any disclaimer regarding his status. Accordingly, it is hereby

**ORDERED** as follows:

1. The Court's March 22, 2019 preliminary injunction [Record No. 14] is **MODIFIED** as follows:

    (a) Defendant Michael Philbeck shall place the following notation at the beginning and end of every future post on all of the social media accounts which are in any way related to the union: "This posting is not an official posting of the International Brotherhood of Teamsters Local 651 and does not represent the views of any of its officers. Instead, it is a posted by Michael Philbeck, a former officer of the International Brotherhood of Teamsters Local 651, who is currently a defendant in a civil action brought by the International Brotherhood of Teamsters Local 651." The notation shall be posted in capital letters and, if possible, shall be in bold print. To avoid any misunderstanding, the notation must be on every post that makes reference to the International Brotherhood of Teamsters Local 651, any of its current or former officers, or anyone running for union office.

    (b) Defendant Philbeck must immediately allow Stephanie Buchenroth access to the formerly-named "Teamsters Local 651 UPS Resource Group."

2. Defendant Philbeck's Motion for Dismissal of the Court Order [Record No. 47] is **DENIED**.

3. Defendant Philbeck's Motion to Address the Court [Record No. 49] is **DENIED**, to the extent it requests any additional relief.

Dated: October 17, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky